IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| FARMING WITH STEPHANIE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FORD DIGITAL, LLC d/b/a BITFORD DIGITAL, JILL KLIEWER, AND TRENT FORD,<br><br>Defendants. | Case No.<br><br>JURY DEMANDED |

**COMPLAINT**

Plaintiff Farming With Stephanie, LLC ("Plaintiff" or "FWS"), by and through the undersigned counsel, and for its Complaint against Ford Digital, LLC d/b/a BitFord Digital ("BitFord"), Jill Kliewer ("Kliewer"), and Trent Ford ("Ford") (collectively, "Defendants"), alleges and states the following:

**NATURE AND BASIS OF ACTION**

1. FWS is a Delaware limited liability company in good standing with its principal place of business in Wisconsin and its only member is a citizen of Wisconsin.

2. BitFord is a limited liability company, which, upon information and belief, has forfeited its right to transact business in Texas, with its principal place of business in Texas.

3. Kliewer is an individual who, upon information and belief, is a citizen of Oklahoma.

4. Ford is an individual who, upon information and belief, is a citizen of Oklahoma.

5. Upon information and belief, Kliewer and Ford are managers and/or members of BitFord and are the owners of BitFord.

6. BitFord, Kliewer, and Ford have sufficient connection with the State of Wisconsin in one, or more, of the following:

a. They knowingly conducted business activity and sold products to FWS in Wisconsin;

b. They conducted and had business activity with FWS in the State of Wisconsin, as more fully explained below;

c. They engaged in commerce in the State of Wisconsin, including, but not limited to, the negotiation and sale of the business transaction at issue, as more fully explained below;

d. They engaged in tortious conduct by engaging in fraudulent misrepresentation and tortious interference in the State of Wisconsin; and

e. They reaped the benefit of their tortious or otherwise unlawful conduct of FWS, in the State of Wisconsin.

7. This Court has personal and subject matter jurisdiction over this action and the Defendants under 28 U.S.C. §§ 1332 and 1391 because: (1) there is complete diversity of citizenship between FWS and Defendants; (2) the amount in controversy exceeds $75,000.00; and (3) the Defendants' tortious conduct occurred in and directly affected interstate commerce in Wisconsin.

## FACTS COMMON TO ALL COUNTS

8. On or about October 28, 2024, FWS communicated with Kliewer, as representative of BitFord, regarding the availability of Antminer T21 units for sale in the United States of America for one of FWS's customers who was interested specifically in Antminer T21 units.

9. On or about October 28, 2024, Kliewer, on behalf of BitFord, informed FWS that BitFord's had available inventory of 250 Antminer T21 units for sale domestically in the United States of America, specifically in the Houston, Texas region.

10. Kliewer indicated to FWS that the price of each Antminer T21 unit would be $13.25/T, equating to $2,517.50 per unit.

11. Not long after, on or about November 13, 2024, FWS communicated to Kliewer that FWS' customer was interested in moving forward with the transaction to purchase 256 Antminer T21 units and Kliewer informed FWS that the inventory was ready to pick up.

12. Following, on November 13, 2024, BitFord issued Invoice 1021 to FWS for "Bitmain Antiminer T21-New", "Location: USA", "$13.25/T", with a quantity of 256 units, for $2,517.50 per unit, totaling $644,480.00. *See* Exhibit 1, Invoice 1021.

13. Invoice 1021 identified the billing recipient as "Farming with Stephanie LLC", and identified FWS' address in, Brookfield, Wisconsin 53005. *See* Exhibit 1.

14. FWS promptly paid the full amount of the invoice on November 13, 2024. *See* Exhibit 1.

15. At no point in time between October 28, 2024 and November 13, 2024, did BitFord, Kliewer, or Ford indicate or otherwise communicate to FWS that the availability of the Antminer T21s were not immediately available and instead, were based on a Letter of Intent from BitFord to its supplier, i.e., the Antminer T21s were not readily or immediately available and instead, were

conditioned on the BitFord's supplier executing a Letter of Intent and execution of a formal agreement between BitFord and its supplier, that had not occurred.

16. On or about November 18, 2024, after FWS paid Invoice 1021, BitFord informed FWS that BitFord faced complications with its supplier regarding the Letter of Intent that was critical to the domestic inventory being available for the Antiminer T21s identified in Invoice 1021.

17. BitFord knew that the Antminer T21s were not readily available or ready for immediate pickup prior to issuing Invoice 1021 to FWS, and did not disclose this until after Invoice 1021 was paid.

18. Due to BitFord's supplier refusing the Letter of Intent by Bitford, FWS had to seek an alternative means to secure the Antminer T21s that BitFord could not satisfy in accordance with Invoice 1021.

19. BitFord and FWS found a separate supplier from Asia to purchase replacement miners at an additional charge, although it was at a higher cost and necessitated air freight to ship the miners to the United States of America.

20. BitFord did not deliver the Antminer T21s identified in Invoice 1021 that FWS had already paid in full for, and instead charged FWS additional fees to secure replacement miners that FWS paid for in Invoice 1021 to satisfy its commitment to its customer.

21. Following, BitFord issued Invoice 1073 to FWS on December 23, 2024, which FWS promptly paid. *See* Exhibit 2, Invoice 1073.

22. Invoice 1073 had a price adjustment of 0.45/T, equating to an increase of $85.50 per miner, totaling an additional $21,888.00 required to obtain the 256 Antminer T21 miners,

exclusive of shipping costs, import fees, and duty costs, to obtain the 256 Antminer T21s. *See* Exhibit 2.

**COUNT I**
**BREACH OF CONTRACT**
**(against BitFord)**

23. FWS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 22 of its Complaint.

24. FWS and BitFord entered into a valid and enforceable agreement identified as Invoice 1021.

25. FWS performed its obligations under Invoice 1021 by paying Invoice 1021 in full.

26. BitFord did not fulfill its obligations under Invoice 1021 by not providing the Antminer T21s for the price agreed upon after payment was made and by stating that the Antminer T21s were available and ready for pickup in Houston, Texas.

27. FWS has suffered damages as a result of BitFord's breach insofar as FWS had to obtain alternative Antminer T21s, pay for international freight regarding same, import duties, and alleged damages and attorneys' fees regarding a lawsuit filed by FWS' customer identified in Case No. 2531-CC00902, pending in the Circuit Court of Greene County, Missouri, which FWS denies liability, along with the loss of use of the $644,480 from November 13 to December 23, 2024.

**COUNT II**
**UNJUST ENRICHMENT**
**(against BitFord, Kliewer, and Ford, plead in the alternative)**

28. FWS incorporates by reference, as if fully set forth herein, its allegations contained in Paragraphs 1 through 27 of its Complaint.

29. FWS paid BitFord, and therefore paid Kliewer and Ford, as owners and/or managers of BitFord, pursuant to Invoice 1021 based on BitFord's representations that the Antminer T21s were readily available for pickup in the United States of America, i.e., a benefit.

30. BitFord, and therefore Kliewer and Ford, as owners and/or managers of BitFord knew of the benefit described above by way of their receipt of the payment of Invoice 1021.

31. It was unjust and therefore inequitable for BitFord, Kliewer, and Ford to retain the funds paid by FWS due to Kliewer's representations, on behalf of BitFord and in turn Ford, due to BitFord's representations that the Antminer T21 miners were readily available in the United States and available for pickup.

## COUNT III
## TORTIOUS INTERFERENCE
## (against BitFord)

32. FWS incorporates by reference, as if fully set forth herein, its allegations contained in Paragraphs 1 through 31 of its Complaint.

33. At the time FWS inquired with BitFord, BitFord, by and through its agent Kliewer, knew that FWS had a customer interested in purchasing Antminer T21s.

34. BitFord, by and through its agent, Kliewer, knew that the Antminer T21s being available in the United State of America was appealing to FWS and its customer.

35. FWS and its customer entered into a valid agreement to purchase and secure the Antminer T21s.

36. BitFord knew that FWS and its customer had entered into an agreement to purchase and secure the Antminer T21s at the time BitFord provided Invoice 1021.

37. Based on BitFord's representations that it had readily available inventory of Antminer T21s, FWS communicated to BitFord that its customer wanted to proceed to purchase said Antminer T21s.

38. Following, BitFord provided Invoice 1021 to FWS to secure and purchase the Antminer T21s for FWS' customer.

39. BitFord knew at the time it issued Invoice 1021 that the Antminer T21s were in fact not readily available and were otherwise not secured for pickup for FWS' customer.

40. BitFord's intentional representations exposed FWS to claims by its customer due to BitFord not having immediate inventory to satisfy the requirements in Invoice 1021, necessitating additional funds needed to secure replacement inventory by alternative means.

41. BitFord was not justified nor privileged to interfere with the agreement between FWS and its customer.

42. As a result of BitFord's tortious interference, FWS suffered damages, including, but not limited to, engaging in additional resources and conduct needed to facilitate finding alternative inventory, paying more money and shipping costs to obtain the Antminer T21s from a separate source, defending a lawsuit by FWS' customer in Case No. 2531-CC00902, pending in the Circuit Court of Greene County, Missouri, which FWS denies liability, the loss of use of the $644,480 from November 13 to December 23, 2024, and for such other damages that will be further developed throughout this case.

**COUNT IV**
**FRAUDULENT MISREPRESENTATION**
**(against BitFord and Kliewer)**

43. FWS incorporates by reference, as if fully set forth herein, its allegations contained in Paragraphs 1 through 42 of its Complaint.

44. Kliewer, on behalf of BitFord, made factual representations to FWS on November 13, 2024, that the inventory identified in Invoice 1021 was ready to be picked up and that there was a purchase agreement in place.

45. On November 15, 2024, Kliewer, on behalf of BitFord, informed FWS that the supplier had been paid and that the stock and price has been confirmed.

46. After the fact, on or about November 18, 2024, for the first time, Kliewer, on behalf of BitFord, informed FWS that the inventory was indeed not ready to be picked up and instead, the inventory was based on a letter of intent, not a purchase agreement, that BitFord's supplier could refuse, and that BitFord only paid a 10% deposit instead of paid in full.

47. The representations made between November 13-15, 2024, were indeed false at the time Kliewer, on behalf of BitFord, made the representations.

48. BitFord made these representations and assurances knowing that they were indeed false at the time.

49. Kliewer, on behalf of BitFord, made these representations with the intent to induce FWS to pay Invoice 1021 to BitFord on behalf of FWS' customer.

50. FWS relied on Kliewer's representations on November 13, 2024, and believed them to be true and paid Invoice 1021 in full promptly.

51. FWS has in turn suffered damages as outlined above, along with reputational harm in the industry based on Kliewer's and BitFord's fraudulent misrepresentations about the inventory being readily available, available for pickup, that there was a signed purchase agreement, and that the supplier was paid.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Farming with Stephanie, LLC prays that this Court enter judgment in its favor and against Defendants Ford Digital, LLC d/b/a BitFord Digital, Jill Kliewer, and Trent Ford granting the following relief:

A. As to Count I against BitFord, awarding damages in excess of $75,000.00, and for such other further relief as the Court deems just and proper;

B. As to Count II against BitFord, Kliewer, and Ford, jointly and severally, awarding damages in excess of $75,000.00, and for such other further relief as the Court deems just and proper;

C. As to Count III against BitFord, awarding damages in excess of $75,000.00, and for such other further relief as the Court deems just and proper;

D. As to Count IV against BitFord and Kliewer, awarding damages in excess of $75,000.00;

E. Awarding Plaintiff its costs and attorney's fees in bringing this action; and

F. Awarding such other and further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff, Farming with Stephanie, LLC hereby demands a jury trial as the above causes of action.

Date: November 12, 2026.

AMUNDSEN DAVIS, LLC

By: *electronically signed by Jessica L. Taylor*
Jessica L. Taylor
State Bar. No. 1122259

P.O. Address:
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
414. 414.276.0200

Direct Contact Information:

Jessica L. Taylor 414.225.1429 direct dial
414.387.8158 direct fax
jtaylor@amundsendavislaw.com